UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILBERT EDDINGTON,<br>    Petitioner,<br><br>    v.<br><br>GARY RODEN,<br>    Respondent. | )<br>)<br>)<br>)    C.A. No. 11-10490-MLW<br>)<br>)<br>) |

MEMORANDUM AND ORDER

WOLF, C.J.                                                    March 31, 2012

A petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, was filed pro se by Wilbert Eddington on March 23, 2011. On June 13, 2011, respondent Gary Roden filed a Motion to Dismiss on the ground that the Petition is time-barred under 28 U.S.C. §2244(d)(1), the statute of limitations governing federal habeas relief. This contention is correct. Therefore, the Motion to Dismiss is being allowed.

On June 27, 2000, in Massachusetts Superior Court, Eddington was found guilty at the conclusion of a jury-waived trial.[1] See Commonwealth v. Eddington, 71 Mass. App. Ct. 138, 139 (2008). On September 12, 2001, Eddington filed his appeal in the Massachusetts Appeals Court, seeking reversal of his state court convictions. See

---

[1] The court convicted Eddington of: (1) one count of felony child abuse; (2) three counts of assault and battery on a child causing substantial bodily injuries;(3) five counts of assault and battery on a child causing bodily injury; (4) two counts of assault and battery by means of a dangerous weapon; and (5) two counts of the lesser included offense of assault and battery. See Eddington, 71 Mass. App. Ct. at 139.

Resp. Exh. 2, at 1-2. That initial appeal was dismissed by the Appeals Court on the ground that Eddington failed to file a brief and appendix within the time required by Massachusetts Appeals Court Standing Order 17A. See id. at 1. On March 15, 2007, Eddington's motion to reinstate his appeal was allowed by the Appeals Court. See Resp. Exh. 2, at 2. Subsequently, on January 31, 2008, the Appeals Court affirmed Eddington's convictions. Eddington, 71 Mass. App. Ct. at 139.

On April 25, 2008, Eddington filed an application for leave to obtain further appellate review by the Massachusetts Supreme Judicial Court ("SJC"). See Resp. Exh. 3, at 1. On June 5, 2008, the SJC denied further appellate review. See Commonwealth v. Eddington, 451 Mass. 1106 (2008). On September 3, 2008, ninety days after the SJC denied Eddington's request for further appellate review, the time for filing a certiorari petition expired and his conviction became final. See Jimenez v. Quarterman, 555 U.S. 113, 119 (2009).

On June 4, 2009, Eddington filed a motion for post-conviction relief and new trial. See Resp. Exh. 1, at 4. The motion was denied by the trial judge on June 8, 2009. See id. On May 11, 2010, the Appeals Court affirmed the trial court's denial of Eddington's motion for new trial. See Commonwealth v. Eddington, 76 Mass. App. Ct. 1130 (2010) (unpublished table decision); see Resp. Exh. 4, at 2. On September 15, 2010, the SJC denied further appellate review.

Commonwealth v. Eddington, 458 Mass. 1102 (2010); see Resp. Exh. 5, at 1.

The statute of limitations for federal habeas relief, 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, provides a one-year period in which review of state convictions may be sought in federal court, to be assessed from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." However, pursuant to 28 U.S.C. §2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is not included in the calculation of the one-year statute of limitations period. Therefore, §2244(d)(2) tolls the one-year statute of limitations period during the pendency of any such properly filed application.

As the First Circuit has written, "[s]ection 2244(d)(2) does not reset the clock on the [one-year] limitations period . . . but merely stops it temporarily, until the relevant applications for review are ruled upon." Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007) (citing Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005)); see also Dunker v. Bissonnete, 154 F. Supp. 2d 95, 103 (D. Mass. 2001) (tolling provision "only stops, but does not reset, the [statute of limitations] clock from ticking." (internal citations and quotations omitted)). Several other circuits have also interpreted §2244(d)(2) in this way. See, e.g., Moore v. Crosby,

321 F.3d 1377, 1381 (11th Cir. 2003); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000); Granger v. Hurt, 90 Fed. App'x 97, 100-01 (6th Cir. 2004).

The instant case requires the application of the foregoing principles. Eddington filed his petition in this court on March 23, 2011. The SJC denied further appellate review on June 5, 2008. His conviction became final on September 3, 2008, when the deadline to petition for certiorari expired. See Jimenez, 555 U.S. at 119. Therefore, under §2244(d)(1), Eddington had one year from September 3, 2008, to file the instant Petition. However, the one-year period was tolled from June 4, 2009 to September 15, 2010, while Eddington's motion for new trial and post-conviction relief was pending in state court. See 28 U.S.C. §2244(d)(2). Therefore, the statute of limitations was tolled for one year, three months, and twelve days. Once the tolling is accounted for, the statute of limitations required that the instant petition be filed by December 15, 2010. It was not, however, filed until March 23, 2011. It is, therefore, time-barred.

Eddington seeks to escape this conclusion by arguing that the one-year limitations period should be deemed to have begun when the SJC denied further appellate review of his request for post-conviction relief on September 15, 2010. However, as explained earlier, the First Circuit has rejected this interpretation of the statute, as have other circuits. See Trapp, 479 F.3d at 58-59; Moore, 321 F.3d at 1381; Smith, 208 F.3d at 17; Granger, 90 Fed.

App'x at 100-01. Therefore, the petition is time-barred and the Motion to Dismiss is being allowed.[2]

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA may issue only where a petitioner has made a substantial showing of a denial of a constitutional right, meaning a petitioner must show that a reasonable jurist would find the court's assessment of the constitutional claims debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-338 (2003). As explained earlier, the First Circuit has decided the issue of whether tolling resets the clock with regard to the one-year statute of limitations for habeas petitions, see Trapp, 479 F.3d at 58-59, and its holding that tolling stops the clock but does not reset it is consistent with the holdings of several other circuits. See Moore, 321 F.3d at

---

[2] Although the petitioner did not argue that equitable tolling applies, the court has considered the issue. Under the doctrine of equitable tolling, a petitioner must demonstrate facts sufficient to prove both: (1) that the petitioner diligently pursued his rights; and (2) the existence of "extraordinary circumstances," which stood in petitioner's way and prevented timely filing. See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). The party seeking the protection of equitable tolling has the burden of establishing the basis for it. See Delaney v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001). The petitioner has presented no evidence that this case involves any "extraordinary circumstances," which are "necessary to support equitable tolling." Lawrence v. Florida, 549 U.S. 327, 337 (2007); see also David v. Hall, 318 F.3d 343, 346 (1st Cir. 2003) ("If equitable tolling is available to extend section 2244(d)'s limitations period, it can only do so for the most exceptional reasons."). In fact, Eddington provided no information in response to paragraph 18 of the habeas petition, which seeks explanation for the untimeliness of the petition. See Petition at 13, ¶18.

1381; Smith, 208 F.3d at 17; Granger, 90 Fed. App'x at 100-01. There is no contrary authority in other circuits. A reasonable jurist in the First Circuit, therefore, would not find the court's assessment of the claims debatable in the instant case.

Accordingly, a COA is being denied. Petitioner is advised that he may seek a COA from the First Circuit pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings.

In view of the foregoing, it is hereby ORDERED that:

1. Respondent's Motion to Dismiss (Docket No. 6) is ALLOWED and the petition is DISMISSED.
2. A COA is DENIED as to all claims.

                                    /s/ Mark L. Wolf
                            UNITED STATES DISTRICT JUDGE